TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00101-CR






Robert Bob Schwartz, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 10,078, HONORABLE TERRY FLENNIKEN, JUDGE PRESIDING






Appellant was driving his pickup while intoxicated when he attempted to turn left in
the face of oncoming traffic. Appellant's passenger, Fernando Carlos, was killed in the resulting
collision. A jury found appellant guilty of intoxication manslaughter and assessed punishment at
imprisonment for twenty years and a $10,000 fine. See Tex. Pen. Code Ann. § 49.08 (West Supp.
2002). We will affirm.

Appellant's only point of error is that the district court erred by admitting three
photographs in evidence. Appellant objected to the exhibits on the ground that they were
"prejudicial." We will assume for the purpose of this opinion that this objection was sufficient to
raise an issue under evidence rule 403, which permits the exclusion of relevant evidence when its
probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.

Contrary to the tenor of the argument in appellant's brief, the challenged exhibits are
not explicitly photographs of the deceased's body. Instead, the three photographs show the accident
scene, and appellant's truck in particular. Exhibit seven shows the rear of the truck; Carlos's body
is lying beside the truck, but the body is covered by a blanket and is not visible. Exhibit eight shows
the truck from a different angle; Carlos's feet (wearing shoes) are visible in a corner of the
photograph. Exhibit nine is another photograph of the truck; if one looks carefully, the bottom of
Carlos's right shoe can be seen at the edge of the photograph.

Evidence is unfairly prejudicial when it has an undue tendency to suggest that a
decision be made on an improper basis. Reese v. State, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000)
(quoting Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g)). We
find no such tendency in the photographs at issue. There is nothing particularly gruesome or
disturbing about the exhibits, which primarily are photographs of appellant's truck. Carlos's body
is shown in the photographs, but it is covered by a blanket and only his shoes can be seen. His
injuries are not visible. The trial court did not abuse its discretion by concluding that the probative
value of the exhibits outweighed the danger of unfair prejudice.

We overrule the point of error and affirm the judgment of conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 10, 2002

Do Not Publish